# EXHIBIT A

**MARK B. ARONSON**
2525 Greensburg Pike
Pittsburgh, Pennsylvania 15221
Telephone Number 412-243-2224

February 1, 2019

Certified Mail   Return Receipt Requested
Article Number 7015 1660 0000 4892 3181

DIRECTV INC
DIRECTV ENTERPRISES, INC.
DIRECTV
2230 East Imperial Highway
El Segundo, California 90245

To whom this may be of concern:

I have filed suit against you for statutory damages under
the TCPA. I invite a person in authority at your company to
contact me to discuss this.

My suit was filed today in the Court of Common Pleas of
Allegheny County, Pennsylvania, and I am enclosing
duplicate originals of Writ of Summons in Civil Action,
Complaint in Civil Action, Interrogatory to Defendant and
Request for Production of Documents.

Sincerely,

Mark B. Aronson
Plaintiff PROSE

Enclosures - **GD-19-001727**

WRIT OF SUMMONS IN CIVIL ACTION
NOTICE OF SUIT TO SHERIFF OF ALLEGHENY
CO
TO DEFENDANT(S): You are notified that the
plaintiff(s)
has/have commenced an action against you which
you are
required to Defend.
      Michael McGeever, Director, Department of
Court Records
Date 02/01/2019
Returnable 05/02/2019

<u>WRIT OF SUMMONS IN CIVIL ACTION</u>

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | Case Number: |
| --- | --- |
| **Aronson, B Mark** | **GD-19-001727** |
| | Type of pleading: |
| | **Praecipe for Writ of Summons** |
| | Filed on behalf of: |
| | **Aronson B Mark** |
| | **Aronson B Mark** |
| | (Name of filing party) |

| Defendant(s) | ☐ Counsel of Record |
| --- | --- |
| **Direcvtv Inc** | |
|    **aka DirecTV Enterprises, Inc.** | ☒ Individual, If Pro Se |
| **Direcvtv Inc** | |
|    **aka DirecTV** | Name, Address and Telephone Number: |
| | **Aronson B Mark** |
| | **2525 Greensburg Pike** |
| | **Pittsburgh, PA, 15221-3691** |
| | Attorney's State ID: **PROSE** |

**Michael McGeever, Director, Department of Court Records**

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,

    Plaintiff,

    vs.

DIRECTV INC a/k/a
DIRECTV ENTERPRISES, INC.
a/k/a DIRECTV,

    Defendant.

CIVIL DIVISION
GENERAL DOCKET

Civil Action No. GD 19-
**GD-19-001727**

COMPLAINT IN CIVIL ACTION

Filed PROSE by

Mark B. Aronson
2525 Greensburg Pike
Pittsburgh, PA 15221
412 243-2224

This document is a
duplicate original of the
actual document/pleading
filed of record.
Mark B. Aronson, Plaintiff

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,

    Plaintiff.

    vs

DIRECTV INC a/k/a
DIRECTV ENTERPRISES, INC.
a/k/a DIRECTV,

    Defendant.

CIVIL DIVISION
GENERAL DOCKET

Civil Action No. GD 19-
**GD-19-001727**

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any relief requested by the plaintiff. You may lose money or property or other rights important to you.   YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

    LAWYER REFERRAL SERVICE – The Allegheny County Bar Association,
11th Floor  Koppers Building, 436 Seventh Avenue, Pittsburgh, PA 15219
Telephone: (412) 261-5555

2

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,

 Plaintiff.

 vs

DIRECTV INC a/k/a
DIRECTV ENTERPRISES, INC.
a/k/a DIRECTV,

 Defendant.

CIVIL DIVISION
GENERAL DOCKET

Civil Action No. GD 19-
**GD-19-001727**

## COMPLAINT IN CIVIL ACTION

1. At all times material, Plaintiff was and is an individual residing in Allegheny County, Pennsylvania.

2. At all times material, the Defendant was and is a provider of subscription television service with offices located at 2230 East Imperial Highway, El Segundo, California 90245.

3. The subject matter of this Complaint in Civil Action is a certain incoming prerecorded commercial unsolicited telemarketing telephone call, willfully placed to and received on Plaintiff's residential telephone number 412-243-2224 on January 26, 2019 at 6:04 P.M. Pittsburgh time from spoofed telephone number 618-451-2586.

4. Plaintiff pressed "4" following the prompt and found himself chatting with a fellow who said he is at Defendant and who identified himself as George.

5. George told Plaintiff that Defendant's charge for service at three televisions at his residence would run $64.00 a month but he was offering it to Plaintiff for

3

$59.00 per month and that they would charge his credit card "today" $1.00

subject to a positive credit check..

6.  George called Plaintiff that day at 6:25 P.M. Pittsburgh time from spoofed

telephone number 214-396-9037 asking for Plaintiff's social security number.

7.  Plaintiff informed George that his credit report at Equifax is frozen and

George told Plaintiff to call Equifax at 800-349-9960 to have the freeze on his

credit report removed.

8.  George told Plaintiff that Plaintiff could reach him by calling 412-444-5856 at

Extension 7001 and to ask for "George.".

9.  George called Plaintiff again for more information at 6:59 P.M. Pittsburgh

time from spoofed telephone number 214-396-9037.

10. George left it with Plaintiff that Plaintiff would call him on Monday, January

28, 2019.

11. On January 28, 2019, George called Plaintiff at 11:50 A.M.  and again at

12:10 P.M. Pittsburgh time, to inform Plaintiff that he had been assigned

Account number 38673589 and that the installer to confirmwould come to
Plaintiff's

residence on Friday, February 1, 2019 between 8 o'clock A.M. and noon to

install DirecTV.

12. George indicated that Plaintiff would receive a call from DirecTV on

Thursday, January 31, 2019  to confirm [and Plaintiff did receive a call from

"DIRECT TV 800-519-1823 6:10 P.M." on January 31, 2019, to confirm].

13. Plaintiff had not been informed of any of the terms of service other than

that his credit card would be charged $1.00 to confirm the card number and

4

that Plaintiff would pay Defendant $59.00 a month for DirecTV service with
installation scheduled for February 1, 2019.

14. Therefore, on January 28, 2019, Plaintiff called Defendant's customer service
Department at about 5 P.M. Pittsburgh time and chatted with a person who
told him that the contract terms would be emailed to him.

15. The contract terms wee not received by Plaintiff so on January 29, 2019,
Plaintiff called Defendant at telephone number  800-531-5000 and chatted
with a lady who permitted him to record the call.

16. She told Plaintiff that the contract terms would be emailed to him, but when as
of  January 31, 2019 when Defendant called him to confirm installation the
next day, as set forth above, Plaintiff still had not been provided with the
terms of his subscription agreement, Plaintiff postponed installation for
a week until February 8, 2019, again as set forth above

17. As of the time of Plaintiff's execution of this Complaint in Civil Action,
Plaintiff still has not been informed of the contract terms and DirecTV service
has not been installed at his residence

18. While Plaintiff was typing this Complaint, George called him at 1 P.M.
February 1, 2019 Pittsburgh time from spoofed telephone number 216-425-
5523 to ask how everything went with the installation and Plaintiff told hm
that Plaintiff had put it off for a week as Plaintiff has still not received the
contract terms.

19. George apologized and said that he would check on this and that he would call
Plaintiff back.

20. At 2:02 P.M. Pittsburgh Time the same day [i.e. today] George called again from spoofed telephone number 216-425-5523 to tell Plaintiff that the contract information Plaintiff had requested had been transmitted to him and for Plaintiff to check his emails

21. Plaintiff checked his emails at 2:22 PM and there was no email from or upon behalf of Defendant.

22. The prerecorded telephone call was initiated by or upon behalf of defendant in violation of the Telephone Consumer Protection Act of 1991 (47 USC 227) as amended and the Regulations promulgated under that Act [referred to as the "TCPA"].

23. This section states and grants a private right of action. (see Mims v. Arrow Financial Services, LLC., United States Supreme Court, No. 10-1195, January 18, 2012).

24. The incoming prerecord telemarketing call was for a commercial purpose, and included or introduced an unsolicited advertisement or constituted a telephone solicitation.

25. The purpose of the incoming call was to solicit him as a prospective customer to subscribe to DirecTV television service.

26. The applicable law pertaining to private civil actions that may be filed for v violation of the Regulations of the Federal Communication Commission resulting from a prerecorded unsolicited commercial telemarketing call to a residential telephone line has been promulgated under 47 USC 227(b) and these sections of the Regulations: 47 CFR 64.1200(b)(1), 47 CFR

64.1200(b)(2), 47 USC 27(b)(3), and 47 CFR 64.1601(e)(i).

27. The incoming commercial telephone solicitation violated five
sections of the TCPA in these particulars:

    1.  The call delivered a prerecorded message to Plaintiff's assignor's
        residential telephone line using a prerecorded voice without Plaintiff's
        or Plaintiff's Assignor's consent, in violation of 47 CFR
        64.1200(a)(2):

    2.  The call delivered a prerecorded message without providing sufficient
        information about the caller, in violation of 47 CFR 64.1200(b)(1);

    3.  The call delivered a prerecorded message without providing a
        telephone number for the caller, in violation of 47 CFR 64.1200(b)(2);

    4.  The call failed to provide caller identification information that
        CFR 64.1601(e)(i) and

    5.  The call was placed from a spoofed [i.e. fake] telephone number.

28. It is the initiation itself of the prerecorded commercial telephone solicitation
call that violates the TCPA.

29. The ringing of the intended recipient's telephone is sufficient evidence that
the offending call had been initiated, i.e. placed.

30. The prerecorded commercial telephone call need not be, but in this case was
answered by Plaintiff.

31. Your Honorable Court has subject matter jurisdiction and personal jurisdiction
over Defendant, as per the opinions issued in these two civil actions filed in
Your Honorable Court pertaining to private actions filed for money damages

for alleged violations of the TCPA: Aronson v. Fax.Com, Inc., 149 P.L.J.

157, 51 Pa.D. & C.4th 421 (2001) and Abramson v. Royal Holidays, LLC. et

al, Civil Action No. AR05-008412.

32.   Under the TCPA, Plaintiff is entitled to be awarded the sum of five hundred

dollars for each violation contained in the incoming call [see Charvat v.

Ryan et al, 1568 Ohio App. 3d 778, 2006-Ohio-3705] and the TCPA

authorizes Your Honorable Court to treble the sum of five hundred dollars to

fifteen hundred dollars per violation when the call had been willfully placed.

[See Aronson v. Florida Friendly Financial Services, LLC Civil Action

AR09-011559 of record in Your Honorable Court].

33.   Plaintiff has standing to pursue this claim and to seek statutory damages in

the amount of $7,500.00 [computed as 5 times $1500.00 damages for the

above referenced violations for the call].

WHEREFORE, Plaintiff demands judgment in his favor and against

Defendant in the amount of seven thousand five hundred ($7,500.00)

dollars which amount is within the jurisdiction of the Arbitration

Division of Your Honorable Court, and he demands costs as per Local

Rule of Court 253 which is cited at the end of this Complaint.

Respectfully submitted,

Mark B. Aronson, Plaintiff

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,

    Plaintiff.

    vs

DIRECTV INC a/k/a
DIRECTV ENTERPRISES, INC.
a/k/a DIRECTV,

    Defendant.

CIVIL DIVISION
GENERAL DOCKET

Civil Action No. GD 19-
**GD-19-001727**

VERIFICATION

AND NOW this 1st day of February 2019 at 2:51 P.M. Pittsburgh time comes
Mark B. Aronson, Plaintiff  PROSE and verifies pursuant to 18 Pa C S Section
4904 that the facts set forth  above are true and correct to the best of his
knowledge, information and belief.

S// Mark B. Aronson

9

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA

MARK B. ARONSON,

    Plaintiff.

    vs

DIRECTV INC a/k/a
DIRECTV ENTERPRISES, INC.
a/k/a DIRECTV,

    Defendant.

CIVIL DIVISION
GENERAL DOCKET

Civil Action No. GD 19-
**GD-19-001727**

## LOCAL RULE 253 ON COSTS UPON SETTLEMENT

(1) Costs After Judgment.

Costs shall be taxed by the Prothonotary. Objections shall be presented to the Motions Judge or, if the case was tried, to the Trial Judge.

(2) Costs After Settlement.

In Civil Division cases, absent an agreement to the contrary at the time of a settlement requiring the payment of monetary damages, the paying party or parties shall reimburse the recipient the record costs incurred by that party. Where there are multiple payors, the reimbursement of record costs shall be prorated.